1  Brent Dorian Brehm – SBN 248983
    E-mail: bbrehm@kantorlaw.net
2  Glenn R. Kantor—SBN 122643
    E-mail: gkantor@kantorlaw
3  KANTOR & KANTOR, LLP
   19839 Nordhoff Street
4  Northridge, CA 91324
   Telephone:  (818) 886-2525
5  Facsimile:   (818) 350-6272

6  Attorneys for Plaintiff,
   Anna Ko

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANNA KO, | CASE NO: |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff, Anna Ko, herein sets forth the allegations of her Complaint against Defendant Unum Life Insurance Company of America ("Unum").

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms

1. of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: waiver of premium, prejudgment and postjudgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Cloudflare, Inc. and a resident in the County of San Mateo, State of California.

3. Plaintiff is informed and believes that Defendant Unum is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. Unum is the insurer of benefits under the Cloudflare, Inc. Group Supplemental Life Insurance Plan (hereinafter "LI Plan") and acted in the capacity of a plan administrator. The LI Plan provided benefits via an insurance policy with the policy number 474390. Unum administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. During the open enrollment period in 2021, Plaintiff enrolled for $200,000 in life insurance coverage under the LI Plan. Her enrollment was accepted by her employer and premiums were deducted from her paycheck for coverage under the LI Plan.

5. Plaintiff is informed and believes that the LI Plan is an employee welfare benefit plans regulated by ERISA, established by Cloudflare, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Life Insurance Waiver of Premium (LWOP) benefits. Pursuant to the terms and conditions of the LI Plan, Plaintiff is entitled to LWOP benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LI Plan. The Plan is doing business in this judicial district, in that it covers participants residing in this judicial district.

6. Defendant can be found in this judicial district and the LI Plan was administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

//

//

**FIRST CLAIM FOR RELIEF**

**AGAINST THE UNUM LIFE INSURANCE COMPANY OF AMERICA**

**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,**

**PREJUDGMENT AND POSTJUDGMENT INTEREST, AND**

**ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by Cloudflare and was a covered participant under the terms and conditions of the LI Plan.

9. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LI Plan. Specifically, while Plaintiff was covered under the LI Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LI Plan.

10. Pursuant to the terms of the LI Plan, Plaintiff made a claim to Unum for LWOP benefits under the LI Plan.

11. In a letter dated February 10, 2022, Unum approved Plaintiff's LWOP claim under a life insurance policy that is different from the LI Plan. However, that policy and the LI Plan both had LWOP provisions that were satisfied if Plaintiff was disabled. In the letter, Unum stated "you are disabled…."

12. In a separate letter, also dated February 10, 2022, Unum denied Plaintiff's claim for LWOP benefits under the LI Plan. Despite accepting premiums from Plaintiff for the $200,000 in life insurance coverage under the LI Plan, Unum for the first time asserted that it was unable to approve Plaintiff's coverage because "[y]ou did not submit the necessary Evidence of Insurability for this coverage…."

13. Plaintiff timely appealed this determination. She finalized her appeal in a letter dated September 15, 2022. In the appeal letter, Plaintiff pointed out that under the terms of the LI Plan, Evidence of Insurability ("EOI") was not required for amounts of insurance less than

3

1 $270,000. The LI Plan's terms required Evidence of Insurability only for amounts of insurance over $270,000.

2 14. Plaintiff further noted that this the plan administrator, Cloudfare's understanding of the plan language. On February 11, 2022, human resources representative Lisa from Cloudfare wrote this in an email to Unum: "[Plaintiff's] life insurance amount for the voluntary plan is under the guaranteed issue amount so she would not have been required to complete an EOI when she enrolled." The employer did not provide Plaintiff with an EOI form when she enrolled in the coverage because the plan language was clear that EOI was not required for $200,000 in coverage.

15. Even if Plaintiff was required to submit EOI to obtain the coverage under the Supplemental Life plan, she was not notified of the requirement by either her employer or Unum. Cloudfare and Unum are both fiduciaries of this ERISA benefit plan, and as such, should have informed Plaintiff of any requirements necessary to effectuate the coverage election she made. Instead, Unum and Cloudfare began regularly deducting premiums for the coverage from Plaintiff's paychecks. This led her to believe the coverage was in place. If Plaintiff was required to submit EOI to obtain this coverage, Unum and Cloudfare breached the contract and their fiduciary duties to Plaintiff by not providing her with the EOI form, not notifying her of the required missing information, but deducting premiums from her paycheck to pay for the coverage.

16. Finally, if Plaintiff noted in her appeal that had she been asked to complete the EOI form, she would have done so in January 2021 when she elected the coverage. She provided Unum with her medical records that proved that at the time she applied, she would not have been disqualified her from coverage because her disabling conditions were not yet present. She would have passed the EOI requirement and been afforded the additional coverage without an issue if she had been asked to submit EOI.

17. In response to Plaintiff's appeal, Unum failed to make a timely determination on Plaintiff's LWOP claim and thus her administrative remedies for that claim are deemed exhausted.

18. Defendant Unum breached the Plan and violated ERISA in the following respects:

    (a) Failing to provide LWOP benefits to Plaintiff at a time when Unum knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LI Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Unum had such knowledge, Unum denied Plaintiff's LWOP benefits;

    (b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LI Plan documents, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claim LWOP benefits;

    (c) After Plaintiff's claim was denied, Unum failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

    (d) Failing to properly and adequately investigate the merits of Plaintiff's LWOP claim and failing to provide a full and fair review of Plaintiff's claims.

19. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's LWOP benefits under the LI Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

20. Following the denial of benefits under the LI Plan, Plaintiff exhausted all administrative remedies or is deemed to have exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LI Plan.

21. As a proximate result of the aforementioned wrongful conduct of Unum, and each of them, Plaintiff has damages for loss of LWOP benefits.

22. As a further direct and proximate result of this improper determination regarding Plaintiff's LWOP claims, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

23. The wrongful conduct of Unum has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LI Plan and to clarify Plaintiff's right to future benefits under the terms of the LI Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Reinstatement of LWOP benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LI Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be provided under the LI Plan for so long as Plaintiff remains disabled under the terms of the LI Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 5, 2022                KANTOR & KANTOR, LLP

                                       By:   /s/ Brent Dorian Brehm
                                             Brent Dorian Brehm
                                             Glenn R. Kantor
                                             Attorneys for Plaintiff,
                                             Anna Ko